UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DANTRELL M. HARRIS,**<br><br>Plaintiff,<br><br>vs.<br><br>**MACOMB COUNTY CHILDREN'S PROTECTIVE SERVICES, et al.,**<br><br>Defendants. | 2:23-CV-10434-TGB-EAS<br><br>**ORDER DISMISSING COMPLAINT**<br><br>**(ECF NO. 1)** |

Plaintiff Dantrell M. Harris filed this pro se lawsuit along with an application to proceed in forma pauperis. ECF Nos. 1, 2. Plaintiff alleges that Defendants have violated his federal constitutional rights in various ways by taking his children from his custody. ECF No. 1, PageID.9–10.

For the following reasons, Plaintiff's application to proceed in forma pauperis is **GRANTED** and his complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. Application to proceed in forma pauperis

Plaintiff has filed an application to proceed in forma pauperis, or without the prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1). If an application to proceed in forma pauperis is filed along with a facially sufficient affidavit, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). The Court

1

finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will **GRANT** Plaintiff's motion to proceed in forma pauperis.

## II. Dismissal under 28 U.S.C. § 1915(e)(2)(B)

Once an in forma pauperis complaint has been filed, the Court must determine whether it is frivolous or fails to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In other words, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

As best as the Court can discern, Plaintiff invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331 by bringing suit under 42 U.S.C. § 1983. Defendant generally alleges that Defendants, various state actors associated with Macomb County Children's Protective Services ("CPS") and the Department of Health and Human Services ("DHHS"), have violated his federal constitutional rights in taking his children from his custody. In addition to his complaint, Plaintiff recently submitted additional documents stylized as "Information and Request," which include what appear to be redacted state court pleadings for child protective proceedings initiated by Defendants Jennifer Hernandez and Ghadeer Atshan (DHHS employees), a list of 19 statutory and constitutional violations allegedly committed by Defendants, and supplemental information on Plaintiff's claims. ECF No. 5.

Although the Rule 8 pleading standards are lenient, Plaintiff has failed to provide meaningful factual support for his conclusory legal claims, and his complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Furthermore, Plaintiff uses legal terms of art throughout his complaint and "Information and Request" filing, but many of Plaintiff's claims are inapplicable to the circumstances alleged as a matter of law and none are substantiated with facts supporting the elements of potentially viable claims.

Even Plaintiff's most on-point claims arising under the Fourteenth

3

Amendment have not been adequately pled. Specifically, Plaintiff appears to allege that his substantive and procedural due process rights were violated by state actors who engaged in various misconduct to remove his children from his custody. The Court also construes Plaintiff's complaint to allege that his right to equal protection was violated due to discrimination on the basis of sex and race.

But Plaintiff relies on only conclusory allegations that Defendants failed to investigate, falsified information, and denied Plaintiff his parental rights without cause. Plaintiff provides no details on what information was falsified and no facts to support the conclusion that Defendants lied to him, law enforcement, or judicial officers to remove his children. As for his equal protection claims, Plaintiff states that he is male, but presents no facts showing that he was discriminated against on the basis of sex. Plaintiff does not disclose his race, but likewise fails to allege that the actions taken against him were because of his race.

Lastly, the Court notes that bringing claims against municipal actors (who may actually be employees of the State of Michigan given that Children's Protective Services and the Department of Health and Human Services are state agencies) under § 1983 presents additional complications. Plaintiff indicates that he seeks to sue Defendants in their individual and official capacities. ECF No. 1, PageID.2–3. If Defendants are considered municipal actors, Plaintiff must allege that Defendants acted in accordance with a municipal policy or custom to obtain damages

4

stemming from conduct in their official capacities. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) ("Since an official capacity suit is . . . a suit against a governmental entity, the allegedly unconstitutional action [must] be based on a policy or custom of that entity for liability to attach."). Plaintiff fails to allege how Defendants can be held liable in their official capacities. Meanwhile, if Defendants are employees of the state, they cannot be sued in their official capacities because "the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Plaintiff would be well advised to seek legal counsel and advice to help him properly litigate any potential claims. A quick Internet search discloses two legal services agencies that might be of assistance: (1) Lakeshore Legal Aid, (888) 783-8190; or (2) University of Detroit Mercy Law Federal Pro Se Legal Assistance Clinic, (313) 234-2690, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 1044 (10th Floor), Detroit, MI 48226.

For the foregoing reasons, Plaintiff's request to proceed in forma pauperis is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to § 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated: March 16, 2023        s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE